Exhibit 6 is a statement apparently prepared by one Richmond at the request of the trustee. He had at one time been in defendant's employ but at this date was so no longer. Richmond was not called as a witness. How he prepared the statement; what information he had in regard thereto; to what books of the defendant he had access and how correctly it was made nowhere appears. Clearly unconnected as it is in any way with the defendant this statement was incompetent. With it out of the case there is no evidence whatever that the financial report made by the defendant was untrue.

The judgments of the courts below should be reversed and a new trial granted.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.

---

YONE SUZUKI et al., Copartners under the Name of SUZUKI & COMPANY, Respondents, v. FREDERICK B. SMALL, as President of the American Express Company, Appellant.

*Conversion — carriers — action to recover for conversion of steel plates, mistaken by defendant for some missing from another consignment, and shipped to third party.*

*Suzuki* v. *Small,* 214 App. Div. 541, affirmed.

(Argued June 2, 1926; decided September 28, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1925, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court. The action was to recover for the alleged conversion of steel plates. Plaintiff had purchased the steel and had it shipped to Seattle destined for Japan. While in storage in the railroad yards defendant's agent, mistaking the steel for some missing from another consignment, caused it to be reloaded and shipped as part of said consignment to a third party, whereby it was lost to plaintiff.

*John G. Milburn, Jr.,* for appellant.

*John W. Crandall* and *Leavitt J. Hunt* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of THEODORUS BAILEY, Respondent, *v.*
ROBBINS S. RUTHERFORD, Appellant.

(Submitted September 27, 1926; decided September 28, 1926.)

Motion to amend remittitur denied, without costs.
(See 242 N. Y. 220, 570.)

---

In the Matter of the Application of BUCK, KIAER &
Co., INC., Respondent, for an Order of Arbitration
against WM. HARTMANN & Co., INC., Appellant.

*Arbitration — contract of sale — order directing arbitration modified by
striking out portion appointing arbitrator and reference to samples
and by providing that arbitration proceed before arbitrators appointed
in accordance with contract.*

*Matter of Buck, Kiaer & Co., Inc.,* v. *Hartmann & Co., Inc.,* 216
App. Div. 751, modified.

(Argued June 7, 1926; decided October 5, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
March 31, 1926, which modified and affirmed as modified
an order of Special Term directing arbitration and appoint-
ing an arbitrator to hear and determine certain disputes
arising under a contract of sale of wood pulp which pro-
vided that disputes as to quality should be settled by
arbitrators, one to be appointed by each party and they
to select an umpire.

*James W. Mack* and *J. Schnebel* for appellant.

*Joseph Lorenz* and *Junius M. Horner* for respondent.

Order of Appellate Division modified by striking out
that portion thereof appointing Alexander Rose arbitrator
to hear and determine the matters and things set forth
under the letters " A," " B," " C " and " D " in the