■ GENERAL ELECTRIC COMPANY, Appellant, v. AMERICAN EXPORT ISBRANDTSEN LINES, INC., et al., Respondents.— Order of the Supreme Court, Kings County, entered October 22, 1971, reversed on the law, without costs, and application (a) for an order of seizure against any and all persons wrongfully holding or wrongfully preventing the taking into possession of 125 cartons of radio speakers owned by the plaintiff and being held at Pier 4, Bush Terminal, Brooklyn, New York, and (b) to add John Doe as a party to this proceeding, granted. The facts are not in dispute. On or about October 15, 1971, the plaintiff learned of the arrival of 125 cartons of radio speakers which it had imported from Taiwan and to which it had title. On October 19th, it demanded of the shipper and the freight agent (the defendants here) that the speakers be turned over to it. The defendants voiced no objection to plaintiff taking possession of the speakers, but noted that the longshoremen's strike was in progress and that it was impractical for plaintiff to obtain possession of these chattels. Plaintiff regarded this response as a refusal to turn over the speakers and on October 20 it applied for an ex parte order of seizure pursuant to CPLR 7102. The attorney for Local 1814 of the I.L.A. was advised that the application had been made. He notified the attorneys for the shipper, the freight agent and the stevedoring company, who then appeared before the court. The ex parte application was turned into a full hearing. At that hearing, on October 21, the plaintiff was assured by counsel for the shipper and the freight agent that those parties had no objection to plaintiff going onto the pier and taking possession of its speakers. Sworn testimony to that effect was given by officers of those parties. The hearing was then adjourned by the court to allow plaintiff to obtain possession of its property. On the morning of October 22, an attorney for the plaintiff, with a truck and a driver, went to Bush Terminal to take possession of the radio speakers. A short distance past the gate, the truck was stopped by a group of about 50 men who, by threats of physical violence, prevented the truck from proceeding on to pick up the speakers. A police officer was asked to escort the plaintiff's truck on to the pier to complete the pickup but he declined, stating that it would be unsafe for the attorney and the truck driver to attempt it. When the hearing was resumed, plaintiff's attorney testified to what had happened. Plaintiff moved to have Local 1814 of the I.L.A. added as a party defendant. That motion was denied. The court denied the application for an order of seizure on the ground that neither the shipper nor the freight agent was wrongfully holding the plaintiff's chattels and that, while the Union might be preventing plaintiff from obtaining possession of the speakers, it was not wrongfully holding them within the meaning of CPLR 7102. Plaintiff argued that it had established that *someone* was wrongfully holding its chattels and that a " John Doe " order should issue against that unknown someone. A motion for that relief was denied. We think plaintiff established its right to relief. It is the undisputed owner of the speakers and its right to possess them has been violated by threats and intimidation. This unlawful exercise of dominion and control over plaintiff's property constitutes a conversion. Interference with the right to possession is the essence of a conversion (*Parkway Mgt. Co.* v. *Wolfson,* 32 A D 2d 306, 308). It is not necessary that one take actual physical possession of property to be guilty of conversion. Any wrongful exercise of dominion by one other than the owner is a conversion (*Suzuki* v. *Small,* 214 App. Div. 541, 556, affd. 243 N. Y. 590). Nor is a wrongful intention to possess the property of another an essential element of a conversion. It is sufficient if the owner has been deprived of his property by the defendant's unauthorized act in assum-

ing dominion and control (*Boyce* v. *Brockway*, 31 N. Y. 490). No manual taking of the property or application of it to the defendant's own use is required. The exercise of dominion over property to the exclusion of and in defiance of the owner's right is a conversion (*Debobes* v. *Butterly*, 210 App. Div. 50, 55). An order of seizure is an appropriate remedy against a wrongful taking or detention of property. It is argued that to give the plaintiff an order of seizure in this case is to undermine section 807 of the Labor Law, New York's anti-injunction statute. We see no way in which the order could have that effect. Section 807 was enacted to prevent courts from issuing sweeping injunctions which enjoin peaceful picketing and other lawful activities in labor disputes. An order of seizure directing the Sheriff to seize these chattels cannot be construed as enjoining any labor organization from any of the legitimate activities which section 807 is designed to protect. Local 1814 of the I.L.A., *amicus curiae* at Special Term conceded, and in its brief in this court concedes, that plaintiff has the absolute right to go on to the pier and take possession of its property. Settle order and appropriate undertaking on one day's notice. Rabin, P. J., Munder, Latham and Shapiro, JJ., concur; Martuscello, J., dissents and votes to affirm the order appealed from for the reasons set forth below: I do not question the fact that the plaintiff has made out an arguable case for replevin of the goods in question. However, before replevin is granted which would direct the Sheriff to seize the property, the total situation which is involved must be examined. The International Longshoremens Association (hereinafter referred to as the Union) is lawfully striking the carriers and stevedores of waterborne freight on the eastern seaboard. Plaintiff is attempting to gain possession of certain goods which at the present time are at Pier 4 of the Bush Terminal, part of the area being struck. It would appear that the basis of plaintiff's claim is that the Union through unlawful threats has prevented plaintiff from taking possession of its goods. As I view it, what plaintiff seeks (a court order directing the Sheriff to seize the goods pursuant to article 71 of the CPLR) would have the same effect, if not the same legal nomenclature, as an order enjoining the Union from picketing in such a manner as to interfere with the taking of the goods by plaintiff. Since this is the case, the proper remedy for plaintiff would be under section 807 of the Labor Law, which governs injunctions in labor disputes. That section authorizes a court to issue a restraining order or a temporary or permanent injunction in any case growing out of a labor dispute only where certain enumerated findings of fact are made. It provides for a hearing by the court of the issue. While section 807 of the Labor Law does not provide that it is the exclusive remedy available, the tenor of the section, coupled with the spirit of our laws dealing with labor, indicates that one should not be permitted to use the remedy of replevin to avoid the rigorous requirements of section 807. As I see it, this case is an example of an ingenious attempt to frustrate the policy of the State toward labor disputes through the use of the remedy of replevin. Accordingly, I conclude that in the context of this case the order denying replevin should be affirmed and the plaintiff left to seek to utilize section 807 to obtain any relief it might be entitled to.