HAROLD F. MEESE, Doing Business as INTERSCIENCE ASSO-CIATES, Appellant, v KIRK J. MILLER, Individually and as President of Corson Computer Corporation, Inc., et al., Defendants, and STEPHEN MOXLEY, Individually and as Agent of M & T Bank, et al., Respondents.

Fourth Department, February 26, 1981

APPEARANCES OF COUNSEL

*Paul William Beltz, P. C. (Russell T. Quinlan* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Lawrence C. Brown* of counsel), for respondents.

OPINION OF THE COURT

SCHNEPP, J.

Plaintiff seeks to recover damages from, *inter alia,* Manufacturers and Traders Trust Company (M & T) and Stephen Moxley (Moxley), one of its officers, in this action grounded in fraud and conversion which stems from an underlying business transaction involving the purchase by plaintiff of a Texas Instrument Model 765 portable computer terminal. Plaintiff claims that on October 6, 1978 a check for $2,873 was transmitted to defendant Corson Computer Corporation, Inc. (Corson), a Texas Instruments, Inc. registered dealer, together with a written purchase offer for the equipment which was to be delivered by October 12, 1978. Corson never ordered and plaintiff never received the equipment. The check was deposited in Corson's checking account at M & T and formed part of its balance when M & T called a Corson commercial loan and attached Corson's assets including its bank accounts. Plaintiff's first complaint dated February 14, 1979, its amended complaint dated August 1, 1979, and second amended complaint dated December 7, 1979 were dismissed for failure to state a cause of action against M & T and Moxley. The order dismissing the amended complaint permitted plaintiff to serve a further amended complaint, and provided that its dismissal for failure to state a cause of action would be on the merits and with prejudice. Plaintiff's motion for

reargument or resettlement of this order was denied. On oral argument plaintiff limited the appeal to the order dismissing the second amended complaint and the resettlement order, and conceded that the second and third causes of action failed to state a cause of action. Thus on this appeal our threshold consideration concerns causes of action one (fraud) and four (conversion) of the amended complaint. With this background we may now consider whether the allegations in the parts of the complaint under review state a cause of action against M & T and Moxley (CPLR 3211, subd [a], par 7).

I

Plaintiff alleges in his complaint that M & T "assumed de facto control" of Corson and its assets from the time that M & T called its loan and that defendant Moxley "forced and coerced" Corson to conceal this information from plaintiff. The complaint states that plaintiff's funds were "entrusted" to Corson pending delivery of the equipment and that M & T and Moxley had notice of the character of these funds, which were included in the assets attached and controlled by M & T, and refused to "yield said funds for their entrusted purpose or for return to plaintiff" despite repeated requests from Corson. Plaintiff also alleges that Moxley advised Corson not to order the equipment, not to return the funds to plaintiff and not to inform plaintiff about the status of his funds. Thereafter, plaintiff asserts, defendant Miller as " 'administrator for the liquidation' " for M & T "repeatedly, falsely, and fraudulently, with intent to deceive and defraud" advised plaintiff that the equipment had been ordered. Plaintiff asserts that defendants knew that the representations made to him were false and made to deceive him to his damage and to their advantage and profit. Finally, plaintiff states that he relied on the representations and was "deceived and prevented from making corrective or mitigating changes in a timely way" and thereby damaged.

The burden is on the party alleging a cause of action in fraud to set forth all the elements and to plead the "circumstances constituting the wrong * * * in detail" (CPLR 3016, subd [b]) sufficient to inform a defendant with re-

spect to the incidents complained of *(Lanzi v Brooks*, 43 NY2d 778). The CPLR 3016 (subd [b]) requirement "is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be 'impossible to state in detail the circumstances constituting a fraud' " *(Lanzi v Brooks, supra*, p 780, quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194).

Defendant M & T argues that plaintiff failed to plead a cause of action in fraud as a matter of law because M & T did not induce plaintiff into the contract between Corson and plaintiff. M & T contends that fraud after the inception of a contract is not actionable and that plaintiff's remedy lies in an action for breach of contract against Corson and not in an action for fraud against M & T and Moxley. We reject this argument.

Although fraud was historically associated with breach of contract, it evolved into an action in its own right which does not require the existence of a contract for liability to ensue (see Prosser, Torts [4th ed], § 105, pp 685, 693-694; see, e.g., *Simcuski v Saeli*, 44 NY2d 442; *Dupuis v Van Natten*, 61 AD2d 293; *De Vito v New York Cent. System*, 22 AD2d 600). In *Simcuski v Saeli* (44 NY2d 442, *supra)*, for instance, plaintiff's complaint alleged a physician's intentional concealment of his initial malpractice and misrepresentation as to its cure. The Court of Appeals held that the plaintiff had a cause of action in intentional fraud which deprived her of an opportunity for the cure of the condition initially caused by the alleged malpractice. The court stated, "If these allegations are proved they will establish an intentional tort, separate from and subsequent to the malpractice claim" *(Simcuski v Saeli, supra*, p 452, citing *Calabrese v Bickley*, 1 AD2d 874).

Accordingly, we hold that plaintiff may assert a cause of action in intentional fraud against defendants Moxley and M & T which is independent of his contract with Corson. Plaintiff alleges the necessary elements of fraud and deceit: (1) a representation—that defendants stated that "specified equipment had been ordered with his aforesaid entrusted funds, and was on the way"; (2) falsity and (3) *scienter*—"that said representations were false and [intended] * * * to deceive plaintiff"; (4) reli-

ance or deception—"that plaintiff relied on the defendant's said misrepresentations and was deceived"; and (5) damages (PJI 3:20; Prosser, Torts [4th ed], § 105, pp 685-686; Restatement, Torts 2d, § 525; see *Arthur v Griswold*, 55 NY 400, 405).

In this regard, the allegation of fraud and damage here is analogous to that in *Simcuski (supra)* since both plaintiffs alleged that fraudulent representations were made to deter them from seeking a remedy to a prior ill: in *Simcuski* the physician's representations allegedly deprived that plaintiff of an opportunity for a cure; in the instant case M & T and Moxley's representations allegedly "prevented him [plaintiff] from making corrective or mitigating changes in a·timely way" apparently to permit his participation in "a highly opportune personal collaboration with fellow scientists".

Plaintiff's claim rests on the assumption that Miller and Corson are agents of M & T since there is no allegation that M & T, or Moxley, as an officer of M & T, made actionable fraudulent representations to plaintiff. An agency is a fiduciary relationship which results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act *(Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455)*. It is a relationship whereby "one retains a degree of direction and control over another." *(Garcia v Herald Tribune Fresh Air Fund, 51 AD2d 897.)* Plaintiff alleges that from October 12, 1978 defendants Corson, Baldwin and Danahy "became agents" of M & T due to its actions in "taking over" Corson and "threatening its officers * * * with harm if they failed to follow instructions"; that their subsequent actions "were as agents of M & T as well as Corson"; and that Miller acted as " 'administrator for the liquidation' " at the request of M & T. Although defendants did not challenge the issue on appeal, plaintiff alleges sufficient facts which could establish an agency relationship between the parties to put the court and the defendants on notice of what is intended to be proved.

We hold that plaintiff's second amended complaint and its accompanying affidavits set forth the circumstances constituting a fraud "in sufficient detail to clearly inform

a defendant with respect to the incidents complained of" *(Lanzi v Brooks,* 43 NY2d 778, 780, *supra)*. Plaintiff alleges that (1) a contract and trust between Corson and him was initiated on October 6, 1979; (2) Corson failed to order the equipment on October 9, 1979; (3) M & T called Corson's obligation on October 12, 1979; (4) Moxley met with Corson's officers on October 12 or 13, discussed plaintiff's money and contract, and pressured Corson and its officers to stonewall plaintiff in order to maximize the liquidation sale's return for the bank and all others concerned; and (5) Miller made intentional misrepresentations to plaintiff on specific dates. Plaintiff produced dialogues with certain of the defendants on specific dates which purport to establish an agency relationship and implicate M & T and Moxley. Indeed, the facts are set out with such detail that plaintiff is without need to remind us of the Court of Appeals admonishment that pleadings for causes of action in fraud should not "be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be 'impossible to state in detail the circumstances constituting a fraud' " *(Lanzi v Brooks,* 43 NY2d 778, 780, *supra)*.

## II

We now consider the cause of action in conversion. Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property (see *AMF Inc. v Algo Distrs.,* 48 AD2d 352; *Independence Discount Corp. v Bressner,* 47 AD2d 756; *General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959; *Suzuki v Small,* 214 App Div 541, affd 243 NY 590; *Debobes v Butterly,* 210 App Div 50; *Citizens Nat. Bank v Osetek,* 353 F Supp 958, 963). Interference with a right of possession is the essence of a conversion *(General Elec. Co. v American Export Isbrandtsen Lines, supra,* p 959; *Parkway Mgt. Co. v Wolfson* 32 AD2d 306, 308, affd in part, app dsmd in part 28 NY2d 634). To establish conversion the plaintiff "must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing" *(AMF Inc. v Algo Distrs., supra,* p 356) and that the defendant

exercised an unauthorized dominion over that property, which can be specific money, to the exclusion of the plaintiff's rights *(AMF Inc. v Algo Distrs., supra; Independence Discount Corp. v Bressner, supra)*. Any use of such property beyond the authority which an owner confers upon a user or in violation of instructions given is a conversion *(Quintal v Kellner, 264 NY 32)*. The test for conversion is whether a party exercises dominion or actually interferes with the property to the exclusion or in defiance of the plaintiff's rights *(Suzuki v Small, supra, p 557; Debobes v Butterly, supra, p 54)*. Generally an allegation of an act of conversion is sufficient to maintain a cause of action in conversion except where a more specific statement is required because of an apparent inconsistency between the general allegation and the other facts stated (10 NY Jur, Conversion, § 25, pp 520-521; see 5 Carmody-Wait 2d, NY Prac, § 29:707, pp 198-199).

In this conversion cause of action plaintiff realleges each allegation stated in the fraud cause of action. He further asserts that the funds were entrusted to the custody of Miller and others as officers, agents and employees of Corson "only for a particular purpose, and remained the property and possession of plaintiff", and that Moxley and M & T assumed *de facto* control over Corson and its assets "among which were at least portions of plaintiff's aforesaid funds" and control over Miller who acted as Corson's " 'administrator for the liquidation' " at the request of M & T. Plaintiff then states that the named defendants "acting individually and in conspiratorial concert, intentionally dispossessed plaintiff of his aforesaid funds and deprived him of the use and benefit thereof for upward of a year" which interference, he alleges, constitutes a trespass against his personal property for which he suffered damage.

 ▮ Defendant M & T argues that a cause of action for conversion has not been pleaded since a conversion action cannot be based upon a contract breach and that the plaintiff did not plead an immediate superior right to possession to the property. However, plaintiff has alleged the three basic elements of a cause of action in conversion: (1) intent; (2) interference with his property rights to the exclusion of his rights; and (3) possession or the right to

possession. Plaintiff states that M & T and Moxley asserted an unauthorized control over plaintiff's property subsequent to and independent of the contract. Plaintiff claims that once the moneys or a portion of the moneys were in the control of M & T and Moxley, and the character and purpose of the moneys were identified and known to those defendants, they intentionally interfered with plaintiff's rights in that property. Here, according to plaintiff, the intended use of the moneys was to purchase computer equipment and defendants interfered with the intended use of that property by not permitting Corson to order the equipment or return the money to plaintiff. Since plaintiff also claims that "said funds were entrusted to [defendants'] custody only for a particular purpose, and remained the property and possession of plaintiff", he has alleged a claim of possession sufficient to state a cause of action in conversion (2 NY PJI2d 642; see *Independence Discount Corp. v Bressner*, 47 AD2d 756, 757, *supra*).

Accordingly, the motion to dismiss the first and fourth causes of action in the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) should have been denied. The pleadings must survive a motion to dismiss so long as they give the court and the parties notice of what is intended to be proved and the material elements of each cause of action *(Foley v D'Agostino*, 21 AD2d 60; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36). "[T]he sole criterion [for dismissal] is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" *(Guggenheimer v Ginzburg*, 43 NY2d 268, 275). Here, plaintiff's complaint is supported by affidavits, a permitted procedure under CPLR 3211, and when considering the complaint and affidavits together plaintiff has stated a cause of action in conversion as well as fraud and deceit for the reasons above stated.

The order should be modified accordingly, and as modified affirmed.

DILLON, P. J., CARDAMONE, HANCOCK, JR., and CALLAHAN, JJ., concur.

Order [entered July 21, 1980] unanimously modified, and as modified affirmed, without costs.

Appeals [from orders entered November 9, 1979 and January 16, 1980] dismissed as moot.