■ SOUTHEAST CHRYSLER-PLYMOUTH, INC., Appellant, v ARNOLD J. PIERONI et al., Respondents. (Appeal No. 1.) — Appeal unanimously dismissed as academic. (Appeal from order of Supreme Court, Erie County, Cook, J. — amend answers; summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.

■ SOUTHEAST CHRYSLER-PLYMOUTH, INC., Appellant, v ARNOLD J. PIERONI et al., Respondents. (Appeal No. 3.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant Arnold J. Pieroni, Sr., was president, general manager, a member of the board of directors and a 36% stockholder of plaintiff Southeast Chrysler-Plymouth, Inc. (Southeast). Defendant Arnold J. Pieroni, Jr., was a service consultant and defendant Salvatore A. Marino was a sales manager for Southeast. Approximately three weeks before he resigned from Southeast, Mr. Pieroni, Sr., without authorization, removed a blank check from the corporate account and had defendant Marino cosign it. Mr. Pieroni, Sr., then made it payable to himself for $55,500, signed it on behalf of Southeast as drawer, and had his son, defendant Pieroni, Jr., negotiate the check and deposit it in a separate bank account. On the day he resigned, Mr. Pieroni, Sr., instructed his son to transfer the $55,500 to a different account at a different bank. Several months later, and after Mr. Pieroni, Sr., had refused Southeast's demand for the return of the money, Mr. Pieroni, Jr., transferred the funds to an account in his father's name. Mr. Pieroni, Sr., then obtained a bank draft for $55,500 and kept it at his home. Southeast sued each defendant for conversion and breach of a fiduciary duty and sued defendant Pieroni, Sr., for breach of contract as well. Defendants interposed counterclaims based upon conversion, conspiracy and abuse of process. Southeast moved to confirm an ex parte order of attachment to dismiss defendants' counterclaims and for summary judgment. Special Term confirmed the attachment but denied the motions for summary judgment and dismissal. Special Term properly confirmed the order of attachment because Southeast established that defendants removed the $55,500 with intent to frustrate the enforcement of a judgment to which it would be entitled (CPLR 6201, subd 3). Special Term also correctly denied summary judgment against defendant Marino because he cosigned a blank check as he frequently did in his capacity as Southeast's sales manager, and there is an issue of fact whether he knew for what purpose the check was to be used. Special Term erred however in denying Southeast summary judgment against defendant Pieroni, Sr., who has admitted not only that he failed to record the $55,500 withdrawal but also that he concealed the withdrawal from Southeast's treasurer and orchestrated the transfer of the money from one account to another for the sole purpose of preventing Southeast from securing attachment of the funds. Since there is no triable issue of fact with respect to defendant Pieroni, Sr.'s liability, Special Term should have granted summary judgment to Southeast on its causes of action for conversion (see *Meese v Miller,* 79 AD2d 237, 242-243; *Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30

NY2d 609), a breach of a fiduciary duty, and breach of contract. Special Term erred in denying Southeast summary judgment against defendant Pieroni, Jr. He was involved in his father's financial scheme and there is no triable issue of fact with respect to his liability for conversion (*Koppers Co. v Empire Bituminous Prods., supra*) and for breach of his common-law fiduciary duty (see *Superintendent of Ins. of State of N. Y. v Freedman,* 443 F Supp 628, 638-639, affd 594 F2d 852; *Binon v Boel,* 271 App Div 505, 510, affd 297 NY 528). Special Term erred in denying Southeast's motion to dismiss defendants' three counterclaims. The first, based upon conversion of stocks, should have been denied because defendant Pieroni, Sr., admits that it was Chrysler, not Southeast, who required the stock transfer and that he signed the stock over in blank to Chrysler. The second counterclaim, based upon an alleged conspiracy to deplete Southeast's assets, should have been dismissed because an individual stockholder has no right to bring an action in his own name for a wrong committed against the corporation (Business Corporation Law, §§ 626, 628; see *Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 179). The third counterclaim, based upon abuse of process, should have been dismissed because it fails to state a cause of action (see *Hauser v Bartow,* 273 NY 370) and because assertion of this cause of action by counterclaim is generally precluded (see NY Jur 2d, Interim Topic Service, Abuse of Process, § 7, pp 60-61). (Appeal from order of Supreme Court, Erie County, Cook, J. — vacate order.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.