■ ROBERT D. AHLES et al., Respondents, v AZTEC ENTER-PRISES, INC., et al., Appellants, et al., Defendants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered May 28, 1985 in Schenectady County, upon a verdict rendered at Trial Term (Plumadore, J.).

On February 8, 1981, defendants David Richardson and Ronald Gannon burglarized plaintiffs' home in the Town of Rotterdam, Schenectady County, and stole a coin collection. The following day, they, along with defendant Megan Domingos, sold some of the coins at a coin store in the Village of Ballston Spa, Saratoga County. On February 10, defendants sold coins to defendant Aztec Enterprises, Inc., a store in the City of Yonkers, Westchester County. The individual defendants sold more coins to Aztec during the next few days until they were arrested on February 12. Eventually, Gannon pleaded guilty to burglary in the third degree and Domingos pleaded guilty to hindering prosecution.* Approximately 1,500 coins belonging to plaintiffs were recovered from Aztec's premises and were returned to plaintiffs. Plaintiffs then commenced this action for conversion against the individual defendants and Aztec, alleging that 900 coins, worth $24,595, were never returned to them. After a trial, a jury found all of the defendants liable for conversion and judgment in the amount of $24,595 was entered in plaintiffs' favor. Gannon and Aztec have appealed.

In order to establish a cause of action for conversion, a plaintiff must establish legal ownership of a specific identifiable piece of property and the defendant's exercise of dominion over or interference with the property in defiance of the plaintiff's rights *(Meese v Miller,* 79 AD2d 237, 242-243). Intent

---

* The record does not reveal the disposition of any charges against Richardson.

to possess another's property is not an essential element of conversion *(Brown v Garey,* 267 NY 167, 170; *General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959). It is not even necessary that a converter take physical possession of the property. "Any wrongful exercise of dominion by one other than the owner is a conversion" *(General Elec. Co. v American Export Isbrandtsen Lines, supra,* p 959).

Here, it is clear that plaintiffs proved conversion as against Gannon. While he may never have physically possessed the coins, he helped Richardson remove the safe containing them from plaintiffs' house at the time of the burglary. Such action is plainly an exercise of dominion over the coins which was in defiance of plaintiffs' rights. Further, since the evidence indicates that Gannon acted in concert with Richardson, he is liable as a joint tort-feasor *(see, Herman v Wesgate,* 94 AD2d 938).

Turning to the issue of Aztec's liability for conversion, the proprietor of that corporation testified that, in two transactions on February 10 and 11, 1981, he purchased 1,510 coins from Richardson for $3,230. On February 12, police officers came to the store and the proprietor gave them all 1,510 coins. The proprietor testified that no other coins were ever purchased by him from Richardson. Plaintiffs acknowledged ownership of the coins taken by the police along with several found in the possession of Domingos when she was arrested. They also offered detailed evidence of an additional 900 coins which were still missing along with evidence of the value of each of those coins. Further, Domingos testified that, while she could not verify which coins were sold to Aztec, the entire remaining portion of the coin collection was, to the best of her knowledge, sold to Aztec. On cross-examination, Domingos admitted that Richardson was out of her company on numerous occasions while they were in Yonkers and, thus, could not verify that he did not sell coins to anyone else. However, Richardson made a statement to police that he sold the coins to Aztec; he did not state that he sold any coins to any other entity. Based on all of this evidence, the jury, as the trier of fact, could credit the testimony of plaintiffs' witnesses and not credit the testimony of Aztec's proprietor, and, therefore, conclude that all of the coins brought to Yonkers by the individual defendants were sold to Aztec. Aztec's refusal to return the 900 remaining coins or sale of them to a third party would constitute a conversion *(see, Employees' Fire Ins. Co. v Cotten,* 245 NY 102, 105; 23 NY Jur 2d, Conversion, § 36,

at 252). Thus, we conclude that plaintiffs established a conversion cause of action against Aztec.

Finally, we find that plaintiffs adequately proved the value of the converted coins. Value is determined by the market price of the property at the time of the conversion *(Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326). However, in a case involving conversion of property of fluctuating value, such as a coin collection, a plaintiff may recover damages equal to the highest market value within a reasonable time after discovery of the conversion *(see, Hoffman v Dorner,* 86 AD2d 651, 652). Here, plaintiffs offered proof of the numismatic value of the coins based on their testimony describing the missing coins and the condition thereof. Damages need not be proven with certainty, especially where, as here, the property itself cannot be brought before the trier of fact for appraisal *(cf. Matter of Rothko,* 56 AD2d 499; 503, *affd* 43 NY2d 305). In our view, plaintiffs produced sufficient evidence to permit the jury to compute damages with reasonable accuracy.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.