■ J. LEONARD SPODEK et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.—In an action for a judgment declaring that the defendant Liberty Mutual Insurance Company is obligated to defend and indemnify the plaintiffs in an action brought against them by defendants Nevin Cohen and Kenneth Skudrna entitled Cohen v Spodek (index Number 3456/87), in the Civil Court, Kings County, the defendant Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated September 27, 1988, which granted that relief.

Ordered that the judgment is modified, on the law, by deleting the paragraph thereof which directed the defendant Liberty Mutual Insurance Company to indemnify the plaintiffs for any loss sustained in the underlying action entitled Cohen v Spodek (index Number 3456/87), in the Civil Court, Kings County, and substituting therefor a provision that any determination as to the obligation of the defendant Liberty Mutual Insurance Company to indemnify the plaintiffs must await the resolution of the underlying action; as so modified, the judgment is affirmed, without costs or disbursements.

In 1985, the defendants Nevin Cohen and Kenneth Skudrna (hereinafter the tenants) commenced an action entitled Cohen v Spodek (index Number 3456/87) against, among others, the plaintiffs Leonard Spodek, Interboro Management Company and 1601 Beverly Realty Corp. (hereinafter collectively referred to as Spodek). The complaint in the underlying action alleged that Spodek owned premises in which the tenants leased an apartment. Having executed a rent-stabilized lease, the complaint continued, the tenants made various payments in order to take possession of the apartment, and did in fact take possession thereof. The complaint alleges that Spodek thereafter unlawfully took possession of the apartment by changing the locks on the door without the tenants' consent, thereby depriving the tenants of the use of the apartment, and also appropriated the tenants' personal property which was in the apartment. Spodek timely forwarded the summons and complaint to the defendant Liberty Mutual Insurance

Company (hereinafter Liberty Mutual), with which it maintained a policy of comprehensive general liability insurance. Liberty Mutual disclaimed coverage and refused to defend Spodek in the underlying action or to indemnify it for any loss which might be sustained in that action. Liberty Mutual contended that the complaint in the underlying action asserts causes of actions indicating that any injuries which were sustained by the tenants were intended by Spodek and, since intended injuries are excluded, there is no coverage.

We agree with the Supreme Court that Liberty Mutual has a duty to defend Spodek in the underlying action. Construed liberally, the tenants' complaint asserts causes of action sounding in conversion, loss of use of personal property and loss of use of the apartment (i.e., property damage within the meaning of the policy), violation of the Administrative Code of the City of New York § D16-1.01 (now § 26-521), false eviction and breach of contract. The complaint also seeks to recover punitive damages.

Spodek's reliance on the insurance policy for coverage stems from two distinct sections, to wit, the "Personal Injury Liability Insurance Endorsement" and the "Special Multi-Peril Policy". The "Special Multi-Peril Policy" provides coverage for some of the claims asserted in the complaint in the underlying action. Therefore, Liberty Mutual has a duty to defend.

The duty of an insurer to defend its insured is separate and distinct from its duty to pay *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304).* The insurer has a broad and heavy duty to defend *(see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364).* It must defend where coverage of the claim against its insured is debatable *(see, Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646), where alternative grounds of recovery are asserted against its insured, and even where some of the claims are outside of the protection purchased by its insured *(see, Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663).* The insurer must also defend its insured regardless of how false or groundless the suit may be *(Ruder & Finn v Seaboard Sur. Co., supra; Goldberg v Lumber Mut. Cas. Ins. Co.,* 297 NY 148).

Under the "Special Multi-Peril Policy" involved in this case, Liberty Mutual undertook to defend Spodek in claims brought for bodily injury or property damage caused by an "occurrence". The word "occurrence" is defined by the policy as an

"accident * * * which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured". As pertinent to the present case, property damage is defined by the policy as "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence". At bar, the tenants' complaint alleges conversion, a tort which can occur even though there is no wrongful intent to possess the property of another *(see, Ahles v Aztec Enters.,* 120 AD2d 903; *Slank v·Dell's Dodge Corp.,* 46 AD2d 445; *General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959). Thus, the fact that the complaint also asserts causes of actions and alleges facts indicating that the alleged resulting injuries might have been intended, is of no relevance in determining Liberty Mutual's duty to defend *(see, Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, *supra; Parkset Plumbing & Heating Corp. v Reliance Ins. Co., supra).* In view of this conclusion, we do not pass on whether or not the personal injury insurance endorsement gives rise to Liberty Mutual's duty to defend.

With respect to Liberty Mutual's duty to indemnify Spodek, we hold that the issue is raised prematurely and must await resolution of the underlying claim *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). It is possible that Spodek did not intend that the alleged intentional acts would cause the alleged injury *(see, Miller v Continental Ins. Co.,* 40 NY2d 675). That issue can only be determined at the trial of the underlying action. At the trial of the underlying action, the Supreme Court should require a special verdict to determine what compensatory damages are awarded, if any. Liberty Mutual need not indemnify Spodek for any punitive damages which may be awarded *(see, Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, *supra; Hartford Acc. & Indem. Co. v Village of Hempstead,* 48 NY2d 218). Lawrence, J. P., Kunzeman, Eiber and Kooper, JJ., concur.