■ GHR ENERGY CORP., Appellant, v STINNES INTEROIL, INC., Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Karla Moskowitz, J.), entered on January 23, 1990, which, *inter alia,* granted defen-

dant's motion for summary judgment and dismissal of the amended complaint in its entirety, unanimously affirmed, without costs and without disbursements.

A motion for summary judgment, irrespective of by whom it was made, empowers a court to search the record and award judgment where appropriate. *(Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165, 171, *appeal dismissed* 62 NY2d 802.)* Our review of the record, including plaintiff GHR Energy Corp.'s admission, contained in its answer to interrogatories, that the written agreements between the parties consisted of December 10, 1982 and December 14, 1982 telexes, established defendant's defense sufficiently to warrant a court in directing judgment in its favor as a matter of law. *(See, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967.)

Plaintiff commenced an action against defendant alleging breach of contract, conversion and fraud arising out of defendant's refusal to sell to plaintiff certain amounts of a petroleum product known as pentane plus. Pursuant to two telexes dated December 10 and 14, 1982, defendant agreed to sell plaintiff a certain amount of pentane plus in return for plaintiff supplying defendant with an amount of gasoline whose specifications had to comply with those applicable to the "Colonial Pipeline". Although the December 14 telex, addressed from plaintiff to defendant, conveyed acceptance of these conditions, the gasoline in question failed to meet the requisite standard. Consequently, defendant retained a portion of the gasoline for resale in order to recoup its loss *(see,* UCC 2-706) and refused to deliver the pentane plus.

In a surreply to defendant's motion for summary judgment, plaintiff for the first time challenged, in a conclusory manner, the authenticity of its confirmation telex, dated December 14. Plaintiff failed to produce the sender of the telex or offer an affidavit denying that such telex was ever sent. Since the two telexes constituted a final integrated contract for the sale of goods (UCC 2-201) the terms could not be contradicted by evidence of a prior or contemporaneous oral agreement suggesting that plaintiff did not have to meet the specifications for its gasoline. *(See,* UCC 2-202; *Quality Packaging Supply Corp. v Carlson Co.,* 158 AD2d 936.) Additionally, defendant's authority (UCC 2-708) to recoup its losses arising out of plaintiff's breach requires the dismissal of plaintiff's action for conversion *(see, e.g., Ahles v Aztec Enters.,* 120 AD2d 903, *lv denied* 68 NY2d 611). Finally, the IAS court's dismissal of plaintiff's fraud claim was proper in view of plaintiff's bald

and conclusory allegations. *(See, Chimart Assocs. v Paul,* 66 NY2d 570.)

We have considered plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA WASHINGTON, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered on February 15, 1989, unanimously affirmed.