■ SEA CREST CONSTRUCTION CORPORATION, Respondent, v CENTENNIAL INSURANCE COMPANY, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered May 1, 1990 in Albany County, which denied defendant's cross motion for summary judgment declaring that it had no obligation to defend or indemnify plaintiff in a pending action.

In April 1968, the State University Construction Fund (hereinafter the Fund) contracted with Goldberg Associates for the latter to plan, supervise and design the construction of the Basic Sciences Research Tower at the State University of New York at Stony Brook in Suffolk County. The Fund later hired Turner Construction Company to manage, supervise, coordinate and inspect the project. In August 1974, the Fund entered into a contract with plaintiff to construct the tower. Notably, plaintiff obtained a comprehensive general liability and a contractual liability insurance policy from defendant which was effective from June 21, 1976 to September 21, 1976. Apparently the project was completed at some point prior to August 1976.

Thereafter, in 1983 the Fund commenced suit against Goldberg, Turner and plaintiff, essentially alleging various causes of breach of contract and negligence in the design, management, inspection and construction of the Tower project. According to the Fund, the negligent performance of their obligations by these parties resulted in leaks and cracking in the roof and walls of the tower which compelled the Fund to "expend large sums of money to investigate and remedy these defective conditions". In their answers, Turner and Goldberg cross-claimed for contribution and/or indemnification against plaintiff. However, although plaintiff apparently notified defendant of the action pending against it by the Fund at some point prior to October 1983, defendant ultimately informed plaintiff that coverage and legal defense under the policy were denied. Accordingly, another of the insurance companies with which plaintiff had an insurance contract, Hartford Insurance Company, proceeded to interpose an answer on behalf of plaintiff and provide a defense.

Plaintiff then commenced this action against defendant seeking a declaration that defendant must defend plaintiff in the Fund's action because the policy issued by defendant in 1976 allegedly covered "the occurrences set forth in [the] [c]omplaint". Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for the same relief. Supreme Court denied both motions and this appeal by defendant followed.

We affirm. Defendant contends that as a matter of law it has no duty to defend plaintiff because the facts alleged in the Fund's complaint do not fall within the coverage afforded by its policy and are specifically excluded from coverage. Contrary to defendant's arguments, the existence of questions of fact in this appeal preclude a granting of summary judgment in its favor (see, CPLR 3212 [b]). An insurer's duty to defend is a very broad one (see, Spodek v Liberty Mut. Ins. Co., 155 AD2d 439, 440) and an insurer denying a duty to defend has the burden to establish as a matter of law on a summary judgment motion that the circumstances complained of fall "outside the coverage of the policy or that claims against the insured are unambiguously exempted from coverage" (Munzer v St. Paul Fire & Mar. Ins. Co., 145 AD2d 193, 198). Here, although defendant points to several exclusions contained in the subject policy that allegedly conclusively support its assertion that breach of contract, negligence and breach of warranty of fitness are not included within the policy's coverage, our review of the targeted exclusions does not leave us similarly convinced.

Specifically, the majority of the exclusions invoked by defendant seem to be either completely inappropriate to the case at bar or seem to conflict with the plain language of other exclusions contained in the policy. Further, the exclusions cited by defendant do not exclude claims for negligence in specific, unambiguous language (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). Since defendant's submissions fall short of establishing that the allegations in the Fund's complaint against plaintiff fall totally within any policy exclusion (see, Melito v Romano, 160 AD2d 1081, 1082-1083), the denial of defendant's summary judgment motion was appropriate.

The parties' remaining arguments have been considered and found to be lacking in merit.

Mahoney, P. J., Casey, Weiss and Levine, JJ., concur. Ordered that the order is affirmed, with costs.

■ GREGORY GALLO et al., Individually and as Parents and