■ RHI HOLDINGS, INC., Appellant, v DEBEVOISE & PLIMPTON, Respondent. [619 NYS2d 4] —Order, Supreme Court, New

York County (Ira Gammerman, J.), entered on or about June 11, 1993, dismissing the action as barred by the Statute of Limitations, unanimously affirmed, with costs.

In this action by an acquiring corporation to recover an allegedly excessive fee paid by the acquired corporation to defendant law firm for services rendered in connection with the acquisition, the IAS Court correctly held that the cause of action accrued on February 4, 1987, when defendant received the acquired corporation's check in payment of its services, and that the action, commenced on February 5, 1993, is therefore barred by the six-year Statute of Limitations. Plaintiff's contention, raised for the first time on appeal, that its cause of action did not accrue until February 28, 1987, the date of the merger, because it was not until then that it actually sustained damage or knew that it had sustained damage, is without merit, it being a novel proposition that a claim once accrued accrues yet again upon an acquisition. Nor is there merit to plaintiff's alternative argument that accrual occurred on February 5, 1987, upon completion of the bank collection process and the crediting of the check to defendant's account, since, upon honor, a check is deemed paid not upon collection but upon its delivery to the payee (UCC 3-802 [1] [b]; *Staff Bldrs. v Koschitzki*, 989 F2d 692, 694). Finally, no basis exists to equitably estop defendant from asserting the Statute of Limitations absent facts that defendant's affirmative wrongdoing was responsible for plaintiff's delay in bringing the action *(General Stencils v Chiappa*, 18 NY2d 125). Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.