■ FILIGREE FILMS, INC., PENSION PLAN, Appellant, v CBC REALTY CORPORATION et al., Respondents. [646 NYS2d 420] —White, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered October 25, 1995 in Columbia County, which denied plaintiff's motion to add additional defendants to this action.

On March 7, 1986, defendant CBC Realty Corporation executed a $90,000 note and mortgage in plaintiff's favor that was payable on March 7, 1987. Upon CBC's default, plaintiff commenced this mortgage foreclosure action and ultimately obtained a judgment of foreclosure and sale that was entered on November 14, 1994. However, before the foreclosure sale, plaintiff discovered that it had failed to include as defendants in this action several parties (hereinafter collectively referred to as the unnamed defendants) that have an interest in the mortgaged premises. To cure this oversight, it moved to add the unnamed defendants to this action and to amend the summons. Supreme Court denied the motion, finding that plaintiff's action against the unnamed defendants was barred by the Statute of Limitations. Plaintiff appeals.

We affirm. Plaintiff's contention that the unnamed defen-

dants should be estopped from asserting the Statute of Limitations is meritless as there is nothing in the record to indicate that they in any way prevented plaintiff from commencing a timely action against them (*see, General Stencils v Chiappa*, 18 NY2d 125, 128; *RHI Holdings v Debevoise & Plimpton*, 209 AD2d 344, 345). We shall not consider plaintiff's argument predicated upon General Obligations Law § 17-105 (1) since it was not raised before Supreme Court (*see, General Motors Acceptance Corp. v Bank of Richmondville*, 203 AD2d 851, 853). In any event, the argument is meritless since CBC's listing of the mortgage in its bankruptcy petition was not a promise to pay it (*see, Petito v Piffath*, 85 NY2d 1, 8-9; 2 Collier, Bankruptcy Manual § 521.05 [2] [3d ed]).

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.