MICHAEL L. COPPOLA, Respondent-Appellant, v UNIGARD SECURITY INSURANCE COMPANY, Appellant-Respondent. [662 NYS2d 858] —Spain, J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered March 27, 1996 in Rensselaer County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

In November 1990, plaintiff commenced an action against One Energy Inc. as a result of its faulty installation of a solar greenhouse at plaintiff's home. Plaintiff alleged causes of action for breach of contract, breach of warranty and negligence. At the time One Energy performed the work, it was insured under a commercial insurance policy issued by defendant. Defendant initially denied coverage under the policy based upon certain policy exclusions. After plaintiff amended the complaint to include allegations of damage to his home, defendant agreed to indemnify One Energy but only with respect to the damage to plaintiff's dwelling.

At the trial of the action, plaintiff withdrew his causes of action for negligence and proceeded upon the remaining claims. The jury returned a general verdict in plaintiff's favor in the amount of $12,019. Following entry of a judgment against One Energy, plaintiff commenced this action against defendant seeking to have it pay the amount of the judgment. After serving an answer to the complaint, defendant moved for summary judgment dismissing the action on the basis of the policy exclusions. Plaintiff, in turn, cross-moved for summary judgment in the amount of the judgment awarded against One Energy. Supreme Court denied both motions and these cross appeals ensued.

We affirm. Upon the record before us, we agree with Supreme Court that defendant has not met its burden of demonstrating its entitlement to summary judgment based upon the policy exclusions (*see, Sea Crest Constr. Corp. v Centennial Ins. Co.*, 175 AD2d 453, 454). The exclusions provide, *inter alia*, that the policy does not cover:

"k. 'Property damage' to 'your product' arising out of it or any part of it.

"l. 'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard' * * *

"m. 'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:

"(1) A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work' or

"(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

* * *

"n. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

"(1) 'Your product';

"(2) 'Your work'; or

"(3) 'Impaired property';

"if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

Plaintiff's withdrawal of his negligence causes of action at

trial does not, in our view, establish that defendant is absolved of liability based upon the above exclusions. When these exclusions are read in the context of the definitional section of the policy (for example, the definitions of such terms as: "Impaired property", "Occurrence", "Products-completed operations hazard", "Property damage", "Your product" and "Your work"), it is plausible that defendant may, in fact, be responsible under the policy for the damages attributable to plaintiff's breach of warranty and breach of contract causes of action depending upon the cause, nature and extent of damage to plaintiff's property, and the type of property damaged. Because the record is devoid of proof with respect to these latter items, we cannot say that the exclusions are applicable as a matter of law (see, Royal Indem. Co. v Grunberg, 155 AD2d 187, 189-190; Munzer v St. Paul Fire & Mar. Ins. Co., 145 AD2d 193, 201-202).

Moreover, even if we were to conclude that the exclusions apply with the exception of the damage to plaintiff's home, we again find the proof in the record insufficient to establish that the amount of damage was only $1,200. Although Supreme Court instructed the jury as to specific items of monetary damages alleged, including $1,200 for damage to plaintiff's house, this does not constitute proof upon which to make an award, especially since the jury did not itemize damages in rendering its verdict. Furthermore, although plaintiff contends that defendant is estopped from invoking the policy exclusions because counsel for Energy One requested that the court have the jury render a general verdict at trial, we reject this argument on the basis that defendant was not a party to the first action (see, generally, Filigree Films, Pension Plan v CBC Realty Corp., 229 AD2d 862, 862-863). Finally, inasmuch as questions of fact exist as to the applicability of the policy exclusions, plaintiff's cross motion was properly denied.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.