■ DE VERE BLISS, Appellant, v VILLAGE OF ARCADE, Respondent. [761 NYS2d 573] —Appeal from an order of Supreme Court, Wyoming County (O'Donnell, J.), entered June 13, 2002, which granted defendant's motion to dismiss claims for punitive damages and for compensatory damages arising more than 90 days before service of the notice of claim, and denied plaintiff's cross motion for leave to serve a late amended notice of claim and a second amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, a dairy farmer who purchases electricity from defendant, commenced this action alleging that his dairy herd has been damaged by stray electricity negligently disseminated by defendant. He appeals from an order granting defendant's motion to dismiss claims for punitive damages and for compensatory damages arising more than 90 days before service of the notice of claim (*see* General Municipal Law §§ 50-e, 50-i) and denying plaintiff's cross motion for leave to serve a late amended notice of claim and a second amended complaint.

We reject plaintiff's contention that, because the sale of electricity is a proprietary function, defendant is subject to punitive damages and may be sued without serving a notice of claim. Even when the alleged negligence arises from the performance of a proprietary function, "the goals of punishment and deterrence are not served when punitive damages are imposed against [a municipality], for in such circumstances, it ultimately is [still] the innocent taxpayer who is punished" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 386 [1987]; *see Sharapata v Town of Islip*, 56 NY2d 332, 338 [1982]). Furthermore, a timely notice of claim is a condition precedent to any "action or special proceeding * * * against a * * * village * * * for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * vil-

lage" (General Municipal Law § 50-i [1]), regardless of whether the village is alleged to have acted in a proprietary capacity.

We also reject plaintiff's contention that defendant is estopped from asserting a statute of limitations defense. "[T]here is nothing in the record to indicate that [defendant] in any way prevented plaintiff from commencing a timely action against [it]" (*Filigree Films, Inc., Pension Plan v CBC Realty Corp.*, 229 AD2d 862, 863 [1996]).

Finally, while not dispositive of the issues raised herein, we note our disagreement with Supreme Court's conclusion that, because defendant was not making a profit, it was not performing a proprietary function when it sold electricity. The determination whether a municipality was acting in a proprietary capacity does not turn on whether the municipality profited from its actions. Purely governmental functions are "undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]). "On the opposite periphery lie proprietary functions in which governmental activities essentially substitute for or supplement 'traditionally private enterprises' " (*Sebastian v State of New York*, 93 NY2d 790, 793 [1999], quoting *Riss v City of New York*, 22 NY2d 579, 581 [1968]). "To pinpoint a spot along the continuum where a complained-of act should be categorized to decide a case and to maintain principled consistency, courts must examine ' "the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred" ' " (*Sebastian*, 93 NY2d at 794, quoting *Miller v State of New York*, 62 NY2d 506, 513 [1984]). Plaintiff claims that he suffered damages arising from the negligent maintenance or repair of defendant's power lines. That activity was not undertaken for the protection or safety of the public and therefore must be considered proprietary (*see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 821 [2000]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.