■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant. [599 NYS2d 654] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered June 4, 1992 in Albany County, which, *inter alia,* granted plaintiff's motion for partial summary judgment and declared that defendant had a duty to defend in another action.

On May 4, 1989 Eugene Johnson, while a resident of the Montgomery County Infirmary, was injured when he fell in his wheelchair from a loading dock to the pavement below. Thereafter, Johnson and his wife commenced an action against Montgomery County and the infirmary, seeking damages for his injuries and derivative losses (hereinafter the Johnson action). Plaintiff, the County's general liability insurer, initially disclaimed coverage but eventually provided a defense in the action, which settled for $750,000. Defendant, a limited liability insurer of the County Health Department (the operator of the infirmary), also disclaimed coverage and continues to do so.

Plaintiff commenced this action seeking (1) a declaration that defendant's policy covers the loss incurred as a result of the Johnson accident and that defendant therefore has an obligation to contribute toward the costs of defending the action, and (2) indemnification for a portion of the settlement amount. After issue was joined, plaintiff moved for partial summary judgment solely on the issue of the duty to defend. Defendant cross-moved for summary judgment, asking Supreme Court to declare that its policy does not provide coverage for the Johnson action. Supreme Court, which specifically did not reach the issue of defendant's duty to indemnify, found that defendant had an obligation to defend the action. Ordered to pay one half of the defense costs reasonably incurred, defendant appeals.

We affirm. It is settled law that the duty to defend is broader than the duty to indemnify and is to be determined from the allegations of the complaint, notwithstanding their merit *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). Furthermore, if an insurer is aware of facts which indicate that the suit may involve events for which coverage is provided, a duty to defend will arise despite the fact that the complaint itself does not allege a covered occurrence *(see,*

*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 63). The burden of proof rests on the insurer claiming to have no duty to defend *(see, Sea Crest Constr. Corp. v Centennial Ins. Co.,* 175 AD2d 453, 454).

Defendant's policy provides indemnification for loss stemming from a "medical incident", which is defined to include "any act or omission in the furnishing of professional health care services [or] in the furnishing of food, beverages, medications or appliances in connection with such services". Defendant maintains that this is intended to apply only to claims sounding in medical malpractice, not those charging ordinary negligence in a health care setting. The policy, however, does not specify that only malpractice claims are covered; rather, the quoted language clearly and unambiguously embraces all claims, including those sounding in negligence, which involve the furnishing of professional health care services. While defendant is undoubtedly correct in its assertion that "professional health care services" does not encompass all health care services, it is equally clear that it comprehends more than simply "medical malpractice".

Moreover, even if the policy language were to be interpreted as limited to malpractice claims, that is, those relating to the rendition of medical treatment *(see, Scott v Uljanov,* 74 NY2d 673, 674-675) or involving the exercise of professional skill and judgment *(see, Miller v Albany Med. Ctr. Hosp.,* 95 AD2d 977, 978), the allegations of the complaint, in combination with the other information of which defendant was aware, were sufficient to alert defendant to the possibility that the accident resulted from such malpractice. The complaint asserts that Johnson had been "permitted * * * to roam the halls of said facility * * * without the care, control and supervision demanded by his condition", and a report provided to defendant indicated that he was often "confused" but was left to wander unsupervised. These assertions, if true, could support an inference that Johnson's condition was not correctly assessed or that he was not treated and supervised properly in view of his condition, both of which have been classified as malpractice *(see, Scott v Uljanov, supra,* at 674-675; *Raus v White Plains Hosp.,* 156 AD2d 354, 355). Viewed in this context, defendant's own interpretation of the policy language militates in favor of finding that it had a duty to defend under the circumstances of the Johnson action.

In view of the foregoing, defendant's cross motion, to the extent it sought a declaration that defendant's policy did not provide coverage for the acts alleged in Johnson's complaint,

was properly denied. Furthermore, even if the policies were mutually exclusive, as defendant urges, that would not provide a basis for a declaration that defendant has no duty to defend or indemnify, if for no reason other than that no findings have been made with regard to the actual basis of liability on the part of the insured.* Accordingly, Supreme Court's denial of the cross motion was appropriate (see, *Ingber v Home Ins. Co.,* 140 AD2d 750, 751).

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

* Given that a settlement may not be used to establish that there was liability in the first instance (see, *Seaboard Shipping Corp. v Jocharanne Tugboat Corp.,* 461 F2d 500, 505), it follows that a settlement by one insurer does not establish that the insured's liability, if there was any, fell within the bounds of that insurer's policy.