■ FRANK A. BOROWICZ et al., Respondents, v INTERNATIONAL PAPER COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent. A. ROY AUCHINACHIE AND SONS, INC., Third-Party Defendant-Appellant. [664 NYS2d 893] —Spain, J. Appeal from an order of the Supreme Court (Coutant, J.), entered July 18, 1996 in Broome County, which, inter alia, partially granted motions by defendant and third-party defendant for summary judgment dismissing plaintiffs' Labor Law §§ 200 and 240 causes of action.

On December 3, 1991 plaintiff Frank A. Borowicz (hereinafter plaintiff) was employed by third-party defendant A. Roy Auchinachie and Sons, Inc. (hereinafter Auchinachie) as a pipe fitter and was working on a project on property owned by defendant in the City of Binghamton, Broome County. Auchinachie had contracted with defendant to install a deionized water piping system into a building on defendant's property. At his examination before trial, plaintiff testified that on this particular day he was on the eight-foot by four-foot platform of a four-wheel gas-operated scissor lift which was in its lowest position approximately four feet above the ground which was be-

ing used to transport three or four pieces of channel iron to another location at the work site. While plaintiff stood on the platform and held onto the channel iron, the scissor lift was being moved laterally by means of its forward and reverse controls at a speed of two or three miles per hour; notably, plaintiff has not alleged any defects in the premises or identified any such defects in his deposition. Plaintiff further testified that the scissor lift stopped suddenly and when it did he grabbed hold of the channel iron to prevent it from sliding; the lift then rocked backward causing the channel iron to slide backward quickly, whereupon plaintiff twisted his back and sustained injuries.

In August 1994, plaintiff, and his wife derivatively, commenced the instant action alleging negligence and violations of Labor Law §§ 200, 240 and 241. Defendant commenced a third-party action against Auchinachie seeking contractual and common-law indemnification. Auchinachie answered and moved for summary judgment dismissing the Labor Law §§ 240 and 241 causes of action. Defendant cross-moved for summary judgment seeking to dismiss plaintiffs' complaint and for summary judgment in its favor on the third-party complaint for indemnification. Plaintiffs opposed the motions and cross-moved seeking leave to amend the bill of particulars to assert additional alleged violations of 12 NYCRR 23-9.2 and 23-9.7 under their Labor Law § 241 cause of action. Thereafter, Supreme Court granted summary judgment dismissing the Labor Law §§ 200 and 240 causes of action and granted defendant's request for indemnification, concluding that defendant was entitled to a conditional judgment of indemnification. Supreme Court also granted plaintiffs' motion to amend their bill of particulars to include an alleged violation of 12 NYCRR 23-9.7 (c); the court further determined that 12 NYCRR 23-9.7 (c) was applicable to this action and that its alleged violation supported plaintiff's Labor Law § 241 (6) cause of action. Both defendant and Auchinachie appeal.

Initially, we reject the contention of defendant and Auchinachie that Supreme Court improperly granted plaintiffs leave to amend their bill of particulars to include the additional alleged violation of 12 NYCRR 23-9.7 (c). 12 NYCRR 23-9.7 (c) entitled "Motor Trucks", states as follows: "Loading. Trucks shall not be loaded beyond their rated capacities and all loads shall be trimmed before the trucks are moved. Loads that are apt to become dislodged in transit shall be securely lashed in place." In general, a party may amend pleadings "at any time by leave of court" and such "[l]eave shall be freely given upon

such terms as may be just" (CPLR 3025 [b]; *see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23; *Murray v City of New York*, 43 NY2d 400, 405; *Gonfiantini v Zino*, 184 AD2d 368, 369). Notably, in support of their respective motions, both defendant and Auchinachie utilized analogies likening the scissor lift to a truck being used in a lateral direction to move a load of channel iron piping from one location to another, and the record reveals that the matter had not proceeded to trial. In our view, the assertions and proof offered by defendant and Auchinachie support the conclusion that they suffered no undue surprise or prejudice and that the granting of plaintiffs' motion did not exceed Supreme Court's discretion (*see, Murray v City of New York, supra*, at 405).

Further, it is well settled that Labor Law § 241 (6) imposes a nondelegable duty requiring compliance "with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). To make out a prima facie cause of action pursuant to Labor Law § 241 (6), plaintiffs must allege that defendant violated a rule or regulation of the Commissioner of Labor that sets forth a specific standard of conduct as opposed to a reiteration of common-law principles (*see, id.*, at 502-505; *White v Sperry Supply & Warehouse*, 225 AD2d 130, 134; *Dombrowski v Schwartz*, 217 AD2d 914, 915). Moreover, this court has determined that 12 NYCRR 23-9.7 is sufficiently specific to support such a claim (*see, Bloomfield v General Elec. Co.*, 198 AD2d 655, 658). In light of the foregoing we agree with Supreme Court that plaintiffs' offer of proof demonstrated a prima facie case under Labor Law § 241 (6) alleging a violation of 12 NYCRR 23-9.7 (c). Plaintiffs contend that the scissor lift was being used as a truck when the accident occurred, thereby raising a legitimate question of fact (*see, id.*, at 658).

Finally, we reject Auchinachie's contention that Supreme Court erred by granting defendant a conditional judgment of indemnification. "[C]ommon-law indemnification is appropriate where [a] defendant's role in causing [a] plaintiff's injury is strictly passive and, consequently, its liability purely vicarious" (*Grant v Gutchess Timberlands*, 214 AD2d 909, 911; *see, Tambasco v Norton Co.*, 207 AD2d 618, 622, *lv dismissed* 85 NY2d 857). The record supports Supreme Court's conclusions that there was no proof that defendant exercised supervisory control over Auchinachie and that there was no defect in the premises; accordingly, defendant was entitled to a conditional judgment of indemnification. It is also our view that Supreme

Court properly found that Auchinachie had a contractual duty to indemnify defendant, including indemnification for legal fees.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.