■ STANLEY F. NOURSE et al., Plaintiffs, v FULTON COUNTY COMMUNITY HERITAGE CORPORATION et al., Appellants, and STAN'S CONTRACTORS, INC., et al., Respondents, et al., Defendants. [769 NYS2d 341]—

Rose, J. Appeal from an order of the Supreme Court (Sise, J.),

entered December 24, 2002 in Fulton County, which, inter alia, denied a motion by defendants Fulton County Community Heritage Corporation, Vail Mills Limited Partnership and David O. Henderson for summary judgment seeking, inter alia, indemnification.

Plaintiffs commenced this Labor Law action to recover for injuries sustained by plaintiff Stanley F. Nourse when he allegedly slipped and fell from a height while installing insulation for a subcontractor at a construction project. Defendant Stan's Contractors, Inc., the general contractor on the project, disputed that Nourse had fallen at the job site and denied liability. Stan's and defendant owners moved for summary judgment dismissing the complaint and, alternatively, the owners sought common-law and contractual indemnification from Stan's. Supreme Court dismissed plaintiffs' negligence and Labor Law § 200 claims against the owners, found issues of fact regarding each of the remaining causes of action and denied the request for indemnification. The owners appeal the denial of indemnification.

Stan's has since settled the action with plaintiffs and argues that the appeal is now moot. The owners, on the other hand, contend that their appeal is not moot, despite the release of all defendants from liability, because reversal of Supreme Court's order will entitle them to recover their counsel fees. We disagree. Even if Supreme Court had granted indemnification, it would have been conditioned upon subsequent proof and findings that Stan's was liable for plaintiffs' injuries because common-law indemnification lies only against those who are actually at fault (see Chapel v Mitchell, 84 NY2d 345, 347-348 [1994]; Borowicz v International Paper Co., 245 AD2d 682, 684 [1997]; Kingston v Hunter Highlands, 222 AD2d 952, 955 [1995]). Since there has been no determination as to the liability of Stan's here, and settlement of the action provides no basis to establish such liability (see United States Fid. & Guar. Co. v U.S. Underwriters Ins. Co., 194 AD2d 1028, 1030 n [1993]), this condition would remain unfulfilled even if we were to reverse Supreme Court.

Nor are we persuaded that the holding in Reynolds v Ciminelli-Walbridge (261 AD2d 839 [1999]) requires a different conclusion. In that case, indemnification was conditioned only upon the plaintiff's recovery of a money judgment against the indemnitees because there was no issue as to the indemnitor's liability for the plaintiff's injuries. When the indemnitor entered into a settlement agreement with the plaintiff absolving the indemnitees from all liability, the appellate court found that the

only condition, the lack of a money judgment, was inconsequential and, therefore, the indemnitees were entitled to recover their counsel fees. Here, however, if Supreme Court had granted conditional indemnification, or we were to reverse and grant that same relief, the primary condition would be a finding of liability against the indemnitor, Stan's, and this condition could not be obviated by the settlement.

We reach a similar conclusion with regard to contractual indemnification. Even if an ambiguity in the parties' indemnification clause did not preclude a summary award of contractual indemnification, the clause clearly requires a finding of negligence on the part of Stan's or its agents before indemnification is triggered. As the action was settled before any such finding could be made, a necessary condition of the owners' claim for contractual indemnification remains unfulfilled (*see e.g. Ortiz v Fifth Ave. Bldg. Assoc.*, 251 AD2d 200, 201-202 [1998]).

Accordingly, the adjudication of this appeal would have no effect upon the rights of the parties and the matter is moot (*see Turner Constr. Co. v Pace Plumbing Corp.*, 298 AD2d 146, 147 [2002]). Nor do we find any exception to the mootness doctrine to be applicable (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.