■ In the Matter of KEYSPAN-RAVENSWOOD, INC., Appellant, v PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK et al., Respondents. [776 NYS2d 143]—

Peters, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered April 4, 2003 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a declaratory ruling of respondent Public Service Commission determining that it had jurisdiction to require wholesale generators to pay state-tariff rates for stand-by service provided by electric utilities.

This appeal concerns Supreme Court's review of a declaratory ruling by respondent Public Service Commission (hereinafter

PSC) which determined that the delivery of station power[1] to a wholesale generator, such as petitioner, which is attached to transmission facilities of respondent Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) will always constitute a retail sale subject to the jurisdiction of the Public Service Law since the electricity is consumed by the wholesale generator, not resold and metered in the same way as other retail sales.[2] Applying the appropriate standard of review, that determinations of the PSC "are entitled to deference and may not be set aside unless they are without [a] rational basis or without reasonable support in the record" (*Matter of Rochester Tel. Corp. v Public Serv. Commn.*, 87 NY2d 17, 29 [1995]; *see Matter of New York Tel. Co. v Public Serv. Commn.*, 95 NY2d 40, 48 [2000]; *Matter of Council of Retail Merchants v Public Serv. Commn.*, 45 NY2d 661, 672 [1978]), Supreme Court found the PSC's determination to have a rational basis and to be in "substantial harmony" with pertinent Federal Energy Regulatory Commission (hereinafter FERC) decisions, except for its finding that the provision of station power could never involve transmission rates which would be subject to regulation under the Federal Power Act (*see* 16 USC §§ 791a, 824 *et seq.*).

Subsequent to Supreme Court's decision and the filing of petitioner's notice of appeal, FERC issued additional decisions in an attempt to more precisely define the boundary lines between state and federal regulation over, inter alia, station power supplied to wholesale generators (*see e.g. Nine Mile Point Nuclear Sta., LLC v Niagara Mohawk Power Corp.*, 105 FERC ¶ 61,336 [2003]; *KeySpan-Ravenswood, Inc. v New York Ind. Sys. Operator, Inc.*, 101 FERC ¶ 61,230 [2002]; *KeySpan-Ravenswood, Inc. v New York Ind. Sys. Operator, Inc.*, 99 FERC ¶ 61,167 [2002]; *PJM Interconnection, L.L.C.*, 95 FERC ¶ 61,333 [2001]). During this time period, Con Ed and petitioner entered into a settlement agreement, later approved by FERC, in which, in exchange for certain payments, Con Ed agreed to, among other things, treat its delivery of energy to petitioner as a transmission service. On appeal, Con Ed contends that as a result of this settlement agreement, the following issues raised by petitioner on appeal are moot: (1) that a generator, such as

1. Station power is "electric energy used for the heating, lighting, air-conditioning, and office equipment needs of the buildings on a generating facility's site, and for operating the electric equipment that is on the generating facility's site" (*PJM Interconnection, L.L.C.*, 94 FERC ¶ 61,251, 11 [2001]).

2. Had the PSC found the provision of energy to be a wholesale sale, it would have been subject to regulation by the Federal Energy Regulatory Commission (*see* 16 USC §§ 791a, 824 *et seq.*) In February 2001, the PSC denied petitioner's request for a rehearing.

petitioner, should be able to net station power against gross output when the station power supply is electrically isolated from the generator output; (2) that the PSC's determination was discriminatory against wholesale generators such as petitioner; and (3) that there was no rational basis to support the PSC's declaratory ruling, except insofar as the court found otherwise.

In our view, the settlement agreement between these parties renders all of these issues moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]; *Nourse v Fulton County Community Heritage Corp.*, 2 AD3d 1121, 1122 [2003]), there being no exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715). The first issue challenging the PSC's finding that a generator may not "net" or offset its station power needs against its gross output when the station power is electrically isolated from generator output is specifically addressed by section 4.1 of the settlement agreement. There, petitioner is given the option to either net or obtain its energy from a different source which is subject to a FERC tariff, not the PSC tariff.[3] Section 4.3 of the settlement agreement further obligates Con Ed to provide transmission service and charge the amounts limited by that FERC tariff. As to the second issue alleging discrimination when the PSC permitted utilities, but not wholesale generators, to net their station power needs, the settlement agreement now provides petitioner with the very relief it sought through the commencement of this proceeding. Regarding the last issue which questions whether there was a rational basis for the PSC's declaratory ruling which determined that it has jurisdiction to require wholesale generators to pay state-tariffed rates for stand-by service provided by utilities, sections 2.2 and 3.1 of the settlement agreement prospectively resolve the issue of Con Ed's use of its distribution facilities in delivering power and whether it may assess a charge for the use of such facilities.

Petitioner counters that there are numerous outstanding issues relevant to wholesale generators in the competitive market that were raised in the underlying proceeding but were not addressed by the settlement agreement. We find that since such agreement resolved the matters raised by petitioner, the sole ap-

---

3. An outstanding issue that will affect the terms of the settlement agreement is FERC's approval of the tariff filing from the alternative source from which petitioner can now opt to derive its station power. Even though a rehearing is sought in that matter, section 4.1 of the settlement agreement reflects that the parties expressly addressed each such contingency which may arise from this issue.

pealing party, petitioner lacks standing to challenge these issues (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773 [1991]).

Although all parties believe that the issue of whether the PSC has jurisdiction over a delivery of service rendered exclusively through Con Ed's transmission facilities has not been rendered moot by the settlement agreement, we disagree. The charges for Con Ed's delivery of such service were resolved by the terms of the settlement agreement and therefore no further review is required. Were we to address the merits of this dispute, we would affirm Supreme Court's finding. The PSC determined that when a wholesale generator purchases electricity for its station power, the sale is a retail transaction, subject to state jurisdiction, since the electricity was consumed. To support its conclusion, the PSC relied upon FERC order No. 888, which recognized that there exists an "element of local distribution service in any unbundled retail transaction" (Order No. 888, FERC Stats & Regs ¶ 31,036, at 31,781)—a conclusion comporting with FERC's decision in *PJM Interconnection, L.L.C.* (94 FERC ¶ 61,251 [2001], *supra*). There, FERC declared that "jurisdiction over the provision of station power depends on how it is supplied" (*id.* at 14). Supreme Court correctly found that the PSC's characterization of Con Ed's delivery service through its transmission facilities was in "substantial harmony" with these FERC rulings. As to petitioner's attempt to have the PSC's determination analyzed to address all other ways that petitioner could receive its station power, i.e., remote self-supply, limited self-supply, third-party supply, Supreme Court accurately noted that the PSC's ruling was meant to be "primarily jurisdictional and generic." Accordingly, the scope of that determination will not be expanded on appeal (*see Matter of Terminix Intl. Co. v Assistant Commr. for Hearings & Mediation Servs. for N.Y. State Dept. of Envtl. Conservation*, 301 AD2d 810, 812 [2003], *appeal withdrawn* 100 NY2d 578 [2003]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.