■ IDA YACOVACCI, Plaintiff, v SHOPRITE SUPERMARKET, INC., et al., Defendants, COLVIN STREET CORP. et al., Appellants, THC REALTY DEVELOPMENT, LP, Defendant and Third-Party Plaintiff-Appellant, and V. TOMMASO, LTD., Defendant and Third-Party Defendant-Respondent, et al., Defendant and Third-Party Defendant. [808 NYS2d 284]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 31 2004, as denied that branch of a motion made by it and the defendants Colvin Street Corp., King Kullen, and J. Donald Kennedy, which was for summary judgment on its claim for common-law and contractual indemnification with respect to attorney's fees, costs, and disbursements insofar as asserted against the defendant and third-party defendant V. Tommaso, Ltd., and granted that branch of the cross motion of the defendant and third-party defendant V. Tommaso, Ltd., which was for summary judgment dismissing that claim, and the defendants Colvin Street Corp., King Kullen, and J. Donald Kennedy also appeal from the same order.

Ordered that the appeals by the defendants Colvin Street Corp., King Kullen, and J. Donald Kennedy are dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant and third-party defendant V. Tommaso, Ltd., which was for summary judgment dismissing the claim of the defendant and third-party plaintiff, THC Realty Development, LP, for common-law and contractual indemnification with respect to attorney's fees, costs, and disbursements insofar as asserted against the defendant and third-party defendant V. Tommaso, Ltd., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, and the claim of the defendant and third-party plaintiff, THC Realty Development, LP, for common-law and contractual indemnification with respect to attorney's fees, costs, and disbursements insofar as asserted against the defendant and third-party defendant V. Tommaso, Ltd., is reinstated; and it is further,

Ordered that one bill of costs is awarded to the defendant and third-party plaintiff.

The plaintiff allegedly sustained personal injuries when she tripped and fell in the parking lot of a supermarket. She sued the defendant and third-party plaintiff, THC Realty Development, LP (hereinafter THC), among others. THC was the general contractor on a project that included renovation of the parking lot. THC subcontracted with the defendant and third-party defendant V. Tommaso, Ltd. (hereinafter Tommaso), to perform certain excavation work in the parking lot. The subcontract provided that Tommaso would "indemnify and hold harmless the Owner, [THC] . . . and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of [Tommaso's] work under this Subcontract . . . but only to the extent caused in whole or in part by negligent acts or omissions of" Tommaso.

Just before trial, Tommaso settled with the plaintiff, and the plaintiff discontinued her action against all of the parties. THC moved, inter alia, for summary judgment on its claim against Tommaso for common-law and contractual indemnification with respect to attorney's fees, costs, and disbursements, and Tommaso cross-moved, inter alia, for summary judgment dismissing that claim. The Supreme Court denied that branch of the motion which was for summary judgment on THC's claim and granted that branch of the cross motion which was for summary judgment dismissing THC's claim.

THC failed to carry its burden, prima facie, of establishing its entitlement to judgment as a matter of law (*see Winegrad v*

*New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Its reliance on the prior conditional orders of Justice Lebowitz dated October 21, 2002, and April 13, 2003, respectively, is unavailing. Those orders did not fix the negligence of any party (*compare Nourse v Fulton County Community Heritage Corp.*, 2 AD3d 1121, 1122-1123 [2003] *with American Ref-Fuel Co. of Hempstead v Resource Recycling*, 307 AD2d 939, 941, 942 [2003] and *Reynolds v Ciminelli-Walbridge*, 261 AD2d 839 [1999]). Consequently, it failed to establish its right to recover in contractual or common-law indemnification (*cf. American Ref-Fuel Co. of Hempstead v Resource Recycling, supra* at 942).

Tommaso, likewise, failed to establish its prima facie entitlement to summary judgment dismissing THC's indemnification claim (*see Winegrad v New York Univ. Med. Ctr., supra*). THC has a conditional right to recover its reasonable attorney's fees, costs, and disbursements incurred in defending the main action (*see Chapel v Mitchell*, 84 NY2d 345, 347-348 [1994]). This right is not thwarted by Tommaso's settlement with the plaintiff (*see American Ref-Fuel Co. of Hempstead v Resource Recycling, supra; Reynolds v Ciminelli-Walbridge, supra*). To the extent that the decision of the Appellate Division, Third Department, in *Nourse v Fulton County Community Heritage Corp.*, may be read to the contrary, we decline to follow it. THC's right to contractual and common-law indemnification, however, rests on a finding of Tommaso's negligence and such negligence being a proximate cause of the plaintiff's injuries and THC's freedom from such negligence (*see* General Obligations Law § 5-322.1). Neither of these findings has yet been made. Thus, the Supreme Court erred in dismissing THC's claim. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.