■ AMERICAN GUARANTY AND LIABILITY INSURANCE COMPANY, Appellant, v AVRAHAM MOSKOWITZ et al., Respondents. [870 NYS2d 307]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 7, 2008, which, inter alia, declared that defendants are entitled to recover from plaintiff $33,845.03, representing legal fees and expenses incurred in this declaratory judgment action, and order, same court and Justice, entered February 28, 2008, which, inter alia, denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment declaring that plaintiff had a duty to defend defendant Avraham Moskowitz in an underlying federal action and that defendants are entitled to reimbursement for costs incurred in connection with this declaratory judgment action, unanimously affirmed, with costs.

Moskowitz was counsel to a certain individual and companies in which he owned stock. He was named as a defendant in the first amended complaint in a federal action alleging fraud and RICO violations against, inter alia, these clients. A fair reading of the amended complaint, which expressly alleges that Moskowitz "is and was an attorney" and "represented [the individual and the aforementioned companies]," reveals that the claims against him were predicated upon his purported acts or omissions in rendering those legal services. Therefore, they were covered under the subject professional liability insurance policy (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006] [when the allegations of the complaint even "suggest" a "reasonable possibility of coverage," the insurer will be required to defend]). The allegation that Moskowitz had served as "*de facto* in-house counsel" does not render him an officer, director or employee of a business enterprise whose coverage is negated pursuant to exclusion D of the policy (*see RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 165 [2004]). Nor does the conclusory, unsupported allegation that Moskowitz was a member of a criminal enterprise, which apparently arose out of communications between him and his client or clients in the course of his representation of her or them, place him within exclusion A, which renders the policy inapplicable to any claim arising out of a criminal act by an insured (*see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 68 [1991]).

We have considered plaintiff's remaining contentions and find

them without merit. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.