■ In the Matter of 212 EAST 85TH STREET, LLC, et al., Appellants, v DEPARTMENT OF PUBLIC SERVICE OF THE STATE OF NEW YORK et al., Respondents, et al., Respondents. [874 NYS2d 827]—

Rose, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered August 5, 2008 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Public Service Commission dismissing petitioners' application to, among other things, prohibit certain respondents from constructing certain electrical transformer test pits in New York City.

Petitioners own and operate an apartment building in New York City that is located across the street from an office building and movie theater owned and operated by respondents 210 East 86th Street Corporation and City Cinemas Corporation (hereinafter collectively referred to as respondents). After petitioners learned that respondents had made arrangements with respondent Consolidated Edison Company of New York,

Inc. (hereinafter Con Ed) for the installation of new electrical equipment to be located on petitioners' side of the street beneath a sidewalk abutting petitioners' building, they commenced an action against respondents, Con Ed and several city agencies to enjoin placement of the equipment. Supreme Court (York, J.) ultimately dismissed the action because petitioners had yet to seek a final determination concerning installation of the equipment from the administrative agencies with jurisdiction. Petitioners then applied to the Public Service Commission (hereinafter PSC) for a ruling prohibiting respondents and Con Ed from installing the electrical equipment under the sidewalk. The PSC concluded that it had no jurisdiction over the location of this electrical equipment under the sidewalks of New York City and dismissed petitioners' application. Petitioners then commenced this CPLR article 78 proceeding to obtain judicial review of that determination. Supreme Court (Cahill, J.) dismissed the petition, prompting this appeal.

Petitioners contend that Supreme Court erred in dismissing their petition because the PSC did have jurisdiction to resolve their dispute with respondents concerning the placement of new electrical equipment for respondents' building. We disagree. New York City Charter § 2903 (b) (5) explicitly vests respondent Department of Transportation of the City of New York (hereinafter DOT) with jurisdiction over "the use and transmission of gas, electricity, pneumatic power and steam for all purposes in, upon, across, over and under all streets, roads, avenues, parks, [and] public places" in New York City. Contrary to petitioners' contention, the earlier order of Supreme Court (York, J.) did not determine that the PSC had jurisdiction over petitioners' particular complaint. Rather, the court merely observed that the parties' submissions "reveal" that authorizations for the proposed use of electrical equipment are obtained from the PSC and permits for excavation of the sidewalk are obtained from the DOT, and petitioners must exhaust any administrative remedies they might have with these agencies.

Petitioners argue that the PSC, rather than the DOT, was the appropriate agency to adjudicate their dispute because, in the course of an earlier arbitration between respondents and Con Ed, a PSC arbitrator had acknowledged that the sidewalk was a possible off-site location for the equipment. The arbitrator's decision, however, held only that two additional transformers were needed and that "210 East 86th Street Corporation should either provide space within . . . its building . . . , or avail itself of the alternative plans for a mutually acceptable off site location at its own cost and expense." This holding did not direct where the equipment would be installed.

Given that the PSC's jurisdiction is limited by statute (*see* Public Service Law § 5) and the DOT's jurisdiction regarding the location of electrical facilities under the public sidewalks of New York City is clear, Supreme Court (Cahill, J.) did not err in concluding that there is a rational basis in the record for the PSC's determination that it lacked jurisdiction over petitioners' dispute with respondents (*see Matter of Keyspan-Ravenswood, Inc. v Public Serv. Commn. of State of N.Y.*, 7 AD3d 837, 838 [2004]). We have considered petitioners' remaining contentions and find them to be without merit.

Cardona, P.J., Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.