■ LOMBARDI, WALSH, WAKEMAN, HARRISON, AMODEO & DAVENPORT, P.C., Appellant, v AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Respondent. [924 NYS2d 201]—

McCarthy, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 14, 2010 in Albany County, which, among other things, granted defendant's motion for summary judgment declaring that it had no duty to defend or indemnify plaintiff in an underlying action.

Plaintiff, a law firm, was contacted via e-mail by an individual purporting to be the chief executive officer of a Taiwanese corporation seeking legal assistance in collecting debts in North America. After the individual sent plaintiff a signed retainer agreement, plaintiff received a $384,700 check from a purported debtor of the corporation. Plaintiff opened an account at Berkshire Bank and deposited the check. At the request of the purported chief executive officer, plaintiff instructed Berkshire Bank to wire the value of the check, minus a legal fee for plaintiff, in two transfers to a third party in South Korea, who was allegedly a supplier of the Taiwanese corporation. After the funds were transferred, Berkshire Bank notified plaintiff that the check was counterfeit and plaintiff's account was overdrawn.[1]

Berkshire Bank commenced an action against plaintiff as a result of the overdraft. Plaintiff requested that defendant, an insurer that issued plaintiff a professional liability policy, defend the action. Defendant disclaimed coverage. Plaintiff then entered a confidential settlement with Berkshire Bank.[2]

Plaintiff commenced this action seeking, among other things,

---

**1.** Plaintiff had instructed Berkshire Bank to wait until the check "cleared," which it did, before wiring funds. Unfortunately, plaintiff did not understand that a bank may be required to make funds deposited by check available for the account holder to use even if the funds have not been finally collected by the bank (see 12 CFR 229.10 [c]). If the bank later determines that the check does not constitute good funds and cannot be finally collected, the bank may require repayment of those funds that had been made available to the account holder.

**2.** Defendant was aware of the settlement negotiations but chose not to participate.

declarations that defendant was required to defend and indemnify it. Defendant moved for summary judgment. Plaintiff cross-moved for summary judgment or, in the alternative, an order compelling defendant to comply with its disclosure demands. Supreme Court denied plaintiff's cross motion, granted defendant's motion and entered a judgment declaring that defendant was not required to defend or indemnify plaintiff in the Berkshire Bank action. Plaintiff appeals.

An insurer has the duty to defend an insured "whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim, or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage' " (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997], quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 67 [1991]). The insurer's duty to defend, which is broader than the duty to indemnify, exists regardless of the merit of the underlying claim (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). To avoid defending an action, the insurer bears the burden of showing that the claim is not even potentially covered (*see United States Fid. & Guar. Co. v U.S. Underwriters Ins. Co.*, 194 AD2d 1028, 1028-1029 [1993]).

Berkshire Bank's complaint alleged that plaintiff, as a law firm, opened a bank account, deposited a check in that account, ordered wire transfers from the account and caused an overdraft when the check was determined to be counterfeit. The complaint included causes of action for breach of the account agreement and violations of the Uniform Commercial Code. The insurance policy issued by defendant provided coverage for any claim "based on an act or omission in [plaintiff's] rendering or failing to render Legal Services for others." "Legal Services" is defined by the policy as "those services performed by an Insured as a licensed lawyer in good standing . . . or in any other fiduciary capacity but only where the act or omission was in the rendition of services ordinarily performed as a lawyer." The terms of this policy encompass more than what would traditionally be considered "legal malpractice" (*see United States Fid. & Guar. Co. v U.S. Underwriters Ins. Co.*, 194 AD2d at 1029).

The complaint alleges that plaintiff was rendering legal services. An attorney in possession of a client's funds is a fiduciary (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a]; Code of Professional Responsibility DR 9-102 [a] [22 NYCRR

former 1200.46 (a)]).[3] The rules require a lawyer to promptly pay or deliver such funds to the client or a third party at the client's request (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]; Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR former 1200.46 (c) (4)]). Plaintiff was thus acting in a fiduciary capacity and under rules imposed upon attorneys acting in their professional capacity when it deposited the check and requested wire transfers in accordance with its purported client's request. Although plaintiff may not have adhered to its ethical obligations when it failed to designate the account as an attorney special account, attorney trust account or attorney escrow account (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [b] [2]; Code of Professional Responsibility DR 9-102 [b] [2] [22 NYCRR former 1200.46 (b) (2)]), this error did not remove its actions from the realm of its fiduciary duties. As required by the ethical rules, attorneys ordinarily maintain accounts with client funds and transfer those funds at the client's request. Thus, when dealing with Berkshire Bank, plaintiff was performing legal services as defined by the policy.

Defendant contends that plaintiff was not truly performing legal services for a client because the individual who contacted plaintiff was an imposter and never intended to receive legal services. Although the imposter may not have intended to receive legitimate legal services, someone requested legal assistance and signed a retainer agreement to engage plaintiff to perform legal services. Plaintiff was under the impression that it was legitimately retained and attempted to perform services as attorneys. Regardless of whether the imposter qualified as a "client," the policy does not require an actual "client"; the policy only requires that plaintiff "render Legal Services for others," and the imposter fell within that broad category.

The only remaining element under the policy's coverage definition is whether the claim was "based on" plaintiff's actions in rendering legal services to others. The Court of Appeals has held that the phrases "based on" and "arising out of" are practically synonymous in the insurance coverage context (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]). The latter phrase "requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Maroney v New York Cent. Mut. Fire Ins.*

---

**3.** The operative conduct in this case occurred prior to the effective date of the Rules of Professional Conduct, but the obligations of an attorney to act as a fiduciary of client funds are substantially the same under the former and current rules.

*Co.*, 5 NY3d 467, 472 [2005]). Supreme Court, after finding that plaintiff was providing legal services, held that "the attorney-client relationship between [plaintiff] and [the imposter] merely furnished the circumstances under which the claim by Berkshire Bank arose and the claim itself was not based, or claimed to be based, on any act or omission of [plaintiff] in providing 'legal services,' " citing *Elashker v Medical Liab. Mut. Ins. Co.*, 46 AD3d 966 (2007). Considering the broad duty to defend and defendant's burden of showing that it can avoid that duty, Supreme Court interpreted the policy and facts too narrowly. A causal relationship exists between plaintiff's actions in handling funds for its alleged client (the legal services) and the overdraft of its account (the injury). Hence, the claim for damages related to the overdraft were "based on" plaintiff's acts in rendering legal services to others (*see American Guar. & Liab. Ins. Co. v Moskowitz*, 58 AD3d 426, 427 [2009]).

Defendant also contends that it is not required to defend or indemnify plaintiff due to the policy's exclusion of coverage for claims based upon or arising out of "any liability assumed by [plaintiff] under any oral or written contract or agreement, unless such liability would have attached to [plaintiff] by law in the absence of such contract or agreement." An insurer attempting to avoid coverage based upon an exclusion bears a heavy burden of demonstrating that the underlying complaint places the situation wholly within the exclusion, the exclusion is clear and subject to only one reasonable interpretation defeating coverage, and "there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d at 175). While defendant asserts that the claim arises only because plaintiff signed an account agreement with Berkshire Bank by which plaintiff assumed obligations due to an overdraft, Berkshire Bank asserted claims based upon the Uniform Commercial Code as well as the account agreement (*see* UCC 3-414, 3-417, 4-207, 4-212). The record does not contain the account agreement, making it impossible for us to determine whether that agreement provides Berkshire Bank with the same, greater or lesser rights than those provided under the Uniform Commercial Code. As plaintiff's liability for the overdraft potentially could have attached under UCC 4-212 regardless of the terms of the account agreement—i.e., "by law in the absence of such contract or agreement"—defendant did not demonstrate that the exclusion applies.

Because defendant did not meet its burden on the motion, plaintiff was entitled to a declaration that defendant had a duty

to defend plaintiff in the Berkshire Bank action. Due to the confidential settlement of that action, we are unable to determine whether defendant was obligated to indemnify plaintiff. Accordingly, we remit for further proceedings (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 425 [1985]).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion and denied plaintiff's cross motion; motion denied, cross motion partially granted by declaring that defendant had a duty to defend plaintiff in the underlying action, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.