Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn. (2018 NY Slip Op 08987)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn.

2018 NY Slip Op 08987

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526627

[*1]In the Matter of GLENWYCK DEVELOPMENT, LLC, Appellant,
vNEW YORK PUBLIC SERVICE COMMISSION et al., Respondents.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


The Dax Law Firm, PC, Albany (John W. Dax of counsel), for appellant.
John J. Sipos, Public Service Commission, Albany (John C. Graham of counsel), for Public Service Commission, respondent.
Barclay Damon LLP, Syracuse (David G. Burch Jr. of counsel), for Niagara Mohawk Power Corporation, respondent.

MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered February 22, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission denying interest on reimbursement made to petitioner.
Petitioner is the developer of a residential subdivision located within the service territory of respondent Niagara Mohawk Power Corporation (hereinafter National Grid). As provided for in applicable statutes and regulations (see Public Service Law § 31 [4]; 16 NYCRR 98.2 [e], [k]; 100.1 [d]), petitioner requested reimbursement from National Grid for certain trench excavation it had performed so that National Grid could extend its electrical lines to each new residential unit in the subdivision [FN1]. As was its practice at that time, National Grid reimbursed petitioner for the trench excavation work at a fraction of the per-foot rate set by respondent Public Service Commission (hereinafter the PSC), with such fractional rate representing National Grid's pro rata share of the rate based upon the total number of utilities that occupied the trench. Petitioner filed a petition with the PSC challenging National Grid's pro-rated reimbursement practice and seeking reimbursement from National Grid for its trench excavation at the full rate. The PSC concluded that National Grid's pro-rated reimbursement practice violated Public Service Law § 31 (4) and related regulations and, in an October 2016 [*2]order, directed National Grid to, as relevant here, retroactively reimburse petitioner at the full per-foot rate. National Grid subsequently reimbursed petitioner for the amount owed, but did not — as petitioner demanded — include interest on that amount, asserting that interest was not required under the regulations. Petitioner then sought clarification from the PSC as to whether the ordered reimbursement amount should include interest and, if so, at what rate. Following a notice of proposed rulemaking and solicitation of public comment (see State Administrative Procedure Act § 202 [1]), the PSC issued an order stating that interest was not required on the reimbursement amount.
Petitioner thereafter commenced this CPLR article 78 proceeding challenging the PSC's determination denying interest on the reimbursement. Supreme Court dismissed the petition, holding that the PSC's conclusion had rational support in the record. Petitioner now appeals, and we affirm.
We begin with the applicable standard of review. Generally, the PSC's determinations "'are entitled to deference and may not be set aside unless they are without [a] rational basis or without reasonable support in the record'" (Matter of Keyspan-Ravenswood, Inc. v Public Serv. Commn. of State of N.Y., 7 AD3d 837, 838 [2004], quoting Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y., 87 NY2d 17, 29 [1995]). So long as the determination is not irrational or unreasonable, judicial deference is particularly appropriate "where the question is one of specific application of a broad statutory term" (Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006] [internal quotation marks and citations omitted]; see Matter of County of Albany v Hudson Riv.-Black Riv. Regulating Dist., 97 AD3d 61, 67 [2012], lv denied 19 NY3d 816 [2012]) or where the matter involves the agency's interpretation of a regulation that it promulgated and is responsible for administering (see Matter of Council of City of N.Y. v Public Serv. Commn. of State of N.Y., 99 NY2d 64, 74 [2002]; Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 548-549 [1997]; Matter of Black Radio Network v Public Serv. Commn. of State of N.Y., 253 AD2d 22, 25 [1999]). "Ultimately, however, legal interpretation is the court's responsibility" (Matter of Moran Towing & Transp. Co. v New York State Tax Commn., 72 NY2d 166, 173 [1988]) and, where "the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency[,] and its interpretive regulations are therefore to be accorded much less weight" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; see Matter of Verizon N.Y., Inc. v New York State Pub. Serv. Commn., 137 AD3d 66, 68—69 [2016]). Likewise, "courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language" (Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health, 5 NY3d 499, 506 [2005]; accord Matter of Mid Is. Therapy Assoc., LLC v New York State Educ. Dept., 129 AD3d 1173, 1175 [2015]).
Turning to the matter at hand, petitioner argues, as it did before the PSC and in Supreme Court, that National Grid's initial failure to provide full reimbursement for its trench excavation — which it characterizes as an in-kind payment [FN2] — was the "economic equivalent" of improperly retaining funds collected through a billing overcharge, repayment of which must include interest (see 16 NYCRR 145.1). By statute, the PSC has the authority to require a public utility company "to provide a refund or credit to a customer when a payment has been made in excess of the correct charge for actual service rendered to the customer" (Public Service Law § 118 [3] [a]), and the relevant corresponding regulation requires electric utility corporations to "provide interest on customer overpayments" (16 NYCRR 145.1). In the context of the provision of electric utilities, a "customer overpayment" is specifically "defined as payment by the customer to the utility in excess of the correct charge for electric service supplied to the customer [*3]which was caused by erroneous billing by the utility" (16 NYCRR 145.2). Like Supreme Court, we find that the PSC rationally concluded that, under a plain reading of the applicable statute and regulations, petitioner's provision of trench excavation did not qualify as a "payment" to National Grid, that National Grid's pro-rated reimbursement was not a "charge for electrical service" and that, therefore, there could be no overpayment entitling petitioner to interest under Public Service Law § 118 (3) and the corresponding regulations. The PSC also considered and reasonably rejected petitioner's disparate treatment argument. Accordingly, as the PSC's determination is rational and has reasonable support in the record, we find no basis upon which to disturb it (see Matter of Lefkowitz v Public Serv. Commn. of the State of N.Y., 77 AD3d 1043, 1044-1045 [2010]).
To the extent that any of petitioner's arguments have not been specifically addressed, we have reviewed them and found them to be unavailing.
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
Footnotes

Footnote 1: The governing statutory and regulatory authority requires the utility to pay the cost of providing each new residential unit in the subdivision with 100 trench feet of utility service (see Public Service Law § 31 [4]; 16 NYCRR 98.2 [e]). The required trench work may be performed by either the utility or the applicant seeking utility service (see 16 NYCRR 100.1 [d]).

Footnote 2: Contrary to the PSC's contention, this argument is properly preserved. Regardless of whether petitioner previously characterized the provision of a trench as an in-kind payment, petitioner has argued all along that the provision of the trench was the equivalent of a payment for which anything less than full reimbursement would constitute an overpayment.